[Civ. No. 308.    Second Appellate District.—October 11, 1907.]

JOHN GENILLA, Respondent, v. JAMES HANLEY, Superintendent of Streets of City of Los Angeles, Appellant.

STREET IMPROVEMENT—VROOMAN ACT—CONTRACT FOR SEWER—PAYMENT FROM ASSESSMENTS—CITY NOT LIABLE—EIGHT HOUR LAW INAPPLICABLE.—A contract to improve a street by the construction of a sewer, awarded under the Vrooman Act, which stipulates that the entire cost is to be paid from assessments levied upon the property contiguous to the line of the work, and that in no case shall the city be liable for any portion of the work, does not fall within the provision of section 653c of the Penal Code, requiring a contract for a street improvement to stipulate for the employment of laborers at eight hours a day, and to provide for forfeiture of $10 per day for violation thereof, to be retained out of moneys due from the city as party to the contract, to the contractor.

ID.—PRESUMPTION—INTENTION OF LEGISLATURE.—It must be presumed that section 653c of the Penal Code was intended by the legislature to apply only in those cases where the penalty or forfeiture could be enforced against the contractor in the manner designated therein.

ID.—MANDAMUS TO STREET SUPERINTENDENT.—Where the eight hour law is inapplicable to the construction of a sewer, *mandamus* will lie to compel the city superintendent of streets to execute the contract therefor awarded to the petitioner, though it contains no provision on the subject of the eight hour law.

APPEAL from a judgment of the Superior Court of Los Angeles County.    Chas. Monroe, Judge.

The facts are stated in the opinion of the court.

Leslie R. Hewitt, City Attorney, and Emmet H. Wilson. Chief Deputy, for Appellant.

Edward T. Sherer, and F. Gros, for Respondent.

SHAW, J.—This is a proceeding instituted by petition and affidavit in the superior court of Los Angeles county for the purpose of obtaining a writ of mandate directed to appellant James Hanley, as superintendent of streets of the city of Los Angeles, commanding him, as such superintendent, to sign and execute a certain contract for the construction of a sewer in said city, which contract had been duly awarded to petitioner. The proceedings for the doing of said work were duly had and taken under and in accordance with the provisions of an act of the legislature of the state of California, commonly known as the Vrooman act, entitled, "An Act to provide for work upon streets, lanes, alleys, courts, places and sidewalks, and for the construction of sewers within municipalities," approved March 18, 1885, [Stats. 1885, p. 147], and the several acts amendatory thereof.

The respondent, as the contractor to whom said contract for the construction of a sewer had been awarded, presented to said superintendent of streets a contract duly executed by said contractor, which, it is conceded, was in due form, except in the particulars hereinafter stated, and requested said superintendent to execute the same in his official capacity as such superintendent of streets. The superintendent refused to sign or execute the agreement upon the sole ground that it did not contain the stipulation designated in section 653c, Penal Code, and which by the provisions of said section is required to be inserted in all contracts involving the employment of any laborer upon any of the public works of the state, or political subdivision thereof, or upon work done for any political subdivision thereof—the contention of appellant being that the provisions of said section, commonly known as the eight hour law, apply to contracts for street improvement which are authorized to be made pursuant to the provisions of said street improvement act.

Conceding, but not holding, the proposed work to be for a political subdivision of the state, we are nevertheless of the

opinion that the act is inapplicable to the contract in question. Section 653c, Penal Code, provides: "The time of service of any laborer, workman, or mechanic employed upon any of the public works of the state of California, or of any political subdivision thereof . . . is hereby limited and restricted to eight hours during any one calendar day." The section further provides, where the contract involves the employment of any laborer upon the work mentioned in said section, the officer or agent of the state, or of any political subdivision thereof, making or awarding such contract shall insert therein a provision to the effect that the contractor to whom said contract is awarded shall forfeit, as a penalty to the state or political subdivision thereof in whose behalf the contract is made and awarded, $10 for each laborer employed in the execution of said contract for each calendar day during which said laborer is required or permitted to labor more than eight hours in violation of the provisions of the act. Such officer or agent is further required to report all violations of such stipulation so required to be inserted in the contract to the representative of the state, or political subdivision thereof, *party to the contract, authorized to pay to said contractor moneys due to him under the said contract, and such representative, when making payments of money due thereon, shall deduct and retain therefrom such sums as shall have been forfeited pursuant to the stipulation.*

There is no contention that the city council ordered the whole or any part of the cost of the work paid out of the municipal treasury, as it might have done under the provisions of section 26 of the said street improvement act. Indeed, the contract in question contains an express stipulation to the effect that in no case will the city be liable for any portion of the expense of the work. Hence, there could be no money becoming due the contractor from the city, and, therefore none which any representative of the city was authorized to withhold and retain as forfeited under the stipulation. While the superintendent of streets may receive and receipt for money paid on account of assessments made upon the lots and parcels of land to cover the cost of the work, he, to such extent, at least, acts as the agent of the contractor. It will thus be seen there is no "representative of the state or political subdivision, party to the contract, authorized to pay to said contractor moneys becoming due to him under

the said contract.'' Where a duty is prescribed by a statute and a remedy is therein provided for a breach of such duty, and the remedy is such that it cannot be applied to a particular subject, it is but fair to infer that such subject was not within the view of the legislature when it enacted the statute. In the present case, the legislature, having in the act itself not only fixed the penalty, but provided the manner for enforcing the same in case of a violation of the stipulation, must be presumed to have intended the act to apply to those cases only wherein the penalty could be enforced in the manner designated, namely: by a retention of the forfeitures out of the amount due to the contractor from the political subdivision, party to the contract. It is clear that such remedy is wholly inapplicable to the case at bar.

In the case of *State* v. *Atkin,* 64 Kan. 174, [97 Am. St. Rep. 343, 67 Pac. 519], the supreme court of Kansas held the provisions of the eight hour law of that state (for a violation of the provisions of which the party was punishable by fine and imprisonment) to apply to a contract for street work made by the mayor and councilmen of a city of the first class. The law under which this contract was made (Gen. Stats. Kan. 1905, sec. 879) discloses the fact that the city itself was not only a contracting party, but assumed the obligation of paying the contractor the cost of the work.

Our conclusion is that a contract for street work, or for the construction of a sewer, awarded pursuant to the provisions of the Vrooman act, and amendments thereto, the entire cost of which is to be paid for by assessments levied upon the property contiguous to the line of such sewer or street improvement, does not fall within the provisions of section 653c, Penal Code.

The judgment is affirmed.

Allen, P. J., and Taggart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 9, 1907, Beatty, C. J., dissenting.