GOLDSTEIN, J.
This case, which so far as we have been able to ascertain is of first impression, arises under the sections of the Civil Code commonly known as the Unruh Act. (Civ. Code, §§ 1803.1-1812.95.) That act deals generally with the subject of retail installment contracts.
In May 1960 the defendants purchased a water conditioner from the Lindsay Soft Water Company. The transaction was evidenced by a retail installment contract which was later assigned to the plaintiff.
The actual cash price of the water conditioner was $500; however, by the terms of the contract an additional time price service charge of $150 was added to its cost raising the total to, $650. The contract, provided for attorneys’ fees in the event of suit after default by the buyer. The trial court rendered judgment for the sum of $650 together with $100 *901 attorneys’ fees. From the judgment, the defendants have appealed.
At the trial, the defendants claimed fraud and misrepresentation. However, they concede that the evidence was sufficient to support the trial court’s finding that these charges were not sustained.
The defendants, however, point out that the trial court found that there were two documents executed by the buyers in connection with the sale. They point out that section 1803.2, Civil Code, requires that every retail installment contract shall be contained in a single document. It is their claim that since the contract violated the Unruh Act, it is unenforceable by both the seller, as well as the assignee.
It is true that there were two documents found by the court evidencing the transaction. They were:
(1) A “purchase agreement” on the reverse side of which was a further agreement called “customer advertising agreement."
(2) The “retail installment contract” which was the subject of this action.
Although the court found that there were two agreements, and that the Unruh Act was violated thereby, it also found that the plaintiff assignee had no notice of the existence of the “purchase agreement” when the “retail installment contract” was assigned to it. Applying the provisions of section 1812.7, Civil Code, the court held that the plaintiff assignee was thereby exonerated from any penalties by reason of the violation of law by its predecessor in interest.
Section 1812.7, Civil Code, provides that penalties for violation of the Unruh Act are imposed only against a “person who acquires a contract or installment account with knowledge of” noncompliance with its provisions. No penalty, whatsoever, is imposed upon the innocent assignee. The record amply supports the trial court’s finding that the plaintiff had no notice of the existence of the two documents evidencing the sale, at the time when the contract was assigned to the plaintiff. The evidence of Russell T. Fusselman, vice president of the plaintiff, was positive to this effect.
The defendants, however, take the position that the court, in viewing the transaction, is not limited by the penalty provisions of the Unruh Act, but that the entire contract is unenforceable because the transaction is tainted with illegality. They point out that the Civil Code specifically provides that its provisions, even including those in derogation of the com *902 mon law, must be liberally, not strictly, construed, “with a view to effect its objects and to promote justice.” (Civ. Code, § 4.) They claim that a liberal construction of the Unruh Act requires that the court find that all contracts in violation thereof, are wholly unenforceable even by an innocent assignee. We find no merit in this contention.
It should be noted that the evidence shows that the plaintiff notified the defendants of the assignment of the contract within the 15-day period required by section 1804.2, Civil Code. The defendants, upon receipt of such notice, limited their protests to the alleged misrepresentation and failure on the part of the equipment to perform as warranted. At no time did they make the claim that the Unruh Act had been violated.
It should further be noted that the penalty provisions of the Unruh Act (which as we have pointed out, are not imposed upon the innocent assignee) are definitely limited and bar only the recovery of any time price differential, service charge, or delinquency, collection, extension, deferral, or refinance charges. (Civ. Code, § 1812.7.) Suit for the principal of the debt is not barred.
Statutes which impose a penalty, or provide for a forfeiture, must not be extended by implication. In Oddo v. Hedde, 101 Cal.App.2d 375 [225 P.2d 929] the court states: “Penal statutes that encroach upon private rights of citizens must be strictly construed, and statutes which provide for a forfeiture must be strictly construed.” (Citing eases.) (P. 383.)
The penalties imposed by the Unruh Act are of statutory creation. They did not exist at common law. For this court to enlarge upon those penalties would be tantamount to a distortion of the legislative intent and to judicial legislation rather than interpretation.
In Genilla v. Hanley, 6 Cal.App. 614 [92 P. 752], the court states the rule as follows: “In the present case, the legislature, having in the act itself not only fixed the penalty, but provided the manner for enforcing the same in case of a violation of the stipulation, must be presumed to have intended the act to apply to those cases only wherein the penalty could be enforced in the manner designated. ...” (P. 617.)
Here we must apply the rule of statutory construction, namely, “expressio unius est exclusio alterius.” In re Nowak, 184 Cal. 701 [195 P. 402]; McNee v. Harold Hensgen & Associates, 178 Cal.App.2d 881 [3 Cal.Rptr. 377].
Defendants’ counsel cite General Motors Accept. Corp. v. *903 Kyle, 54 Cal.2d 101 [4 Cal.Rptr. 496, 351 P.2d 768], in support of their claim. It is to be observed that that case, like the present one, arose under the Civil Code, although under a different section (Civ. Code, § 2982). In the Kyle case, the question presented was whether a conditional sales contract for the sale of a motor vehicle was unenforceable. There is a marked distinction between the penalties imposed in connection with the sales of motor vehicles and those under the Unruh Act. In the case of motor vehicles, the contract is wholly unenforceable for deliberate violation of designated provisions of the act. Such is not the case here. The Supreme Court, however, in the Kyle case, emphasized the strict limitation imposed on courts in construing the penalty provisions of the Civil Code, stating at page 111: "The courts will not impose penalties for noncompliance with statutory provisions in addition to those that are provided expressly or by necessary implication.”
We, therefore, conclude that the illegality here shown does not render the contract unenforceable, but that the court is limited to the specific penalties imposed by the Unruh Act. We further conclude that the plaintiff was innocent of any knowledge of the original illegality and, therefore, cannot, under the Unruh Act, be penalized by reason of that illegality.
We affirm the judgment of the court below in all respects with costs to the plaintiff.
Kellas, P. J., and Popovich, J., concurred.